IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> DSW SHOE WAREHOUSE, INC., <br><br> Defendant. | CIVIL ACTION NO. 2:18-cv-01122 <br><br> <u>COMPLAINT</u> <br><br> <u>JURY TRIAL DEMANDED</u> |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, each as amended, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Charging Party. As alleged with greater particularity below, Defendant violated Title VII when it discriminated against Charging Party on the basis of race (black) by subjecting her to disparate treatment and terminating her employment.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, DSW Show Warehouse, Inc., a Missouri corporation headquartered in Columbus, Ohio, has been doing business in the State of Ohio, and continuously has had at least 15 employees.

5. During each calendar year from 2014 through and including 2018, Defendant has had more than 500 employees.

6. At all relevant times, Defendant continuously has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. Defendant sells footwear and accessories at retail stores nationwide and online.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge (No. 532-2016-02158) with the Commission alleging violations of Title VII by Defendant.

9. On December 12, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On April 23, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

14. Beginning in August 2014, and continuing thereafter, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Charging Party to unequal terms and conditions of employment, disparate discipline, and eventual termination because of her race (black).  These unlawful practices include, but are not limited to, the following:

    a. Defendant employed Charging Party as an Assistant Manager at Defendant's Warrensville Heights, Ohio, retail store (the Store) from August 2014 through her termination on July 20, 2016.

    b. During the course of her employment, Charging Party was responsible for recruiting and hiring store associates to work at the Store.

    c. Defendant concluded that there were too many black persons working at Charging Party's Store, and suggested that Charging Party engage in recruiting and hiring practices that would result in a workforce made up of fewer black workers.

d. During her employment at the Store, Charging Party's performance was controlled, managed, and assessed by higher-level management at the Store Manager and District Manager level.

e. Defendant employs Store Managers and District Managers who are responsible for evaluating the performance of Assistant Managers who are employed by Defendant.

f. Defendant's Store Managers and District Managers have authority to discipline and discharge Assistant Managers who are employed by Defendant.

g. Defendant's District Managers are responsible for training or mentoring other managers who are employed by Defendant.

h. Defendant employed Mary Bonomo, a white female, as a District Manager.

i. While employed by Defendant as a District Manager, Bonomo had authority over the Store where Charging Party worked.

j. During her employment with Defendant, Bonomo was responsible for training or mentoring Store Managers and other District Managers.

k. During her employment with Defendant, Bonomo trained or mentored managers who worked at Charging Party's Store, including District Manager Amy Lincks and Store Manager Allison Haunhorst.

l. During Charging Party's employment, Store Manager Allison Haunhorst was responsible for supervising Charging Party, assessing her performance, and deciding whether any disciplinary action should be taken against her.

4

m. While she worked for Defendant, Store Manager Haunhorst was supervised by District Manager Bonomo.

n. During Charging Party's employment, Defendant issued performance evaluations concluding that her performance met the company's expectations.

o. Defendant subjected Charging Party to disparate treatment by taking action against her for alleged deficiencies that employees outside her protected class also engaged in, but for which they were not similarly treated.

p. Defendant subjected Charging Party to disparate treatment in the terms and conditions of her employment, minimized or negatively impacted her role as Assistant Manager, displayed a disregard for her authority, and otherwise depicted her in a negative light to staff, because of her race.

q. Defendant treated employees outside of Charging Party's protected class more favorably than Charging Party, because of race.

r. Defendant told Charging Party that she engaged in conduct on July 3, 2016, that warranted disciplinary action. On July 5, 2016, Defendant obtained information from Charging Party about that alleged conduct.

s. Defendant did not suspend Charging Party from her position as Assistant Manager as a result of the alleged conduct that occurred on July 3, 2016, nor did Defendant otherwise take any action to remove or reduce her duties as Assistant Manager.

t. On July 20, 2016, Defendant terminated Charging Party.

u. Others outside Charging Party's protected class engaged in the same or similar conduct of which she was accused, but were treated more favorably.

    v.  Defendant's reasons for taking adverse employment action against Charging Party are pretextual.

    w.  After terminating Charging Party, Defendant replaced her with a person outside her protected class.

  15.  The effect of the practices complained of in Paragraph 14 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (black) in violation of Title VII.

  16.  The unlawful employment practices complained of in Paragraph 14 above were intentional.

  17.  The unlawful employment practices complained of in Paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

PRAYER FOR RELIEF

  Wherefore, the Commission respectfully requests that this Court:

  A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees because of race.

  B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black persons and which eradicate the effects of its past and present unlawful employment practices.

  C.  Order Defendant to make whole Charging Party by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C.

JAMES L. LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

　　　/s/
DEBRA LAWRENCE
Regional Attorney, Philadelphia District Office

　　　/s/
KATE NORTHRUP
Supervisory Trial Attorney, Baltimore Field Office
kate.northrup@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Tel. (410) 209-2722

/s/
MELANIE M. PETERSON
Senior Trial Attorney, Philadelphia District Office
melanie.peterson@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Tel. (267) 589-9759