**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

       **Plaintiff,**

  **v.**                             **Civil Action 2:18-cv-1122**
                                    **Judge Algenon L. Marbley**
                                    **Magistrate Judge Jolson**

**DSW SHOE WAREHOUSE, INC.,**

       **Defendant.**

## <u>AGREED PROTECTIVE ORDER</u>

This matter is before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the parties' Joint Motion for Protective Order. The parties are exchanging discovery that may include documents that are proprietary, confidential, or highly sensitive to the parties hereto or for third parties. The parties therefore requested that such information acquired through discovery in this matter be protected as allowed by the Federal Rules of Civil Procedure.

The parties have stipulated and agreed to the entry of this Agreed Protective Order ("Protective Order") in the above-captioned action. The Court finds that good cause supports entry of this Protective Order and that justice so requires.

IT IS HEREBY **ORDERED, ADJUDGED**, and **DECREED** that the "Confidential Materials" or "Attorney's Eyes Only Materials", as defined herein, including the substance and content thereof produced or otherwise disclosed by any party hereto in response to a discovery response or otherwise used in this litigation shall be subject to the terms and provision of this Protective Order as set forth below:

1.      Confidential Discovery Material. Documents and information produced during this action may be treated as "Confidential" material as set forth herein. Documents and information

designated as "Confidential" shall be collectively referred to as "Confidential Discovery Material." A party shall not routinely designate material as "Confidential," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. "Confidential" shall refer to any Documents, ESI, or any portion, summary, extract, or compilation thereof, only after a good faith determination by the designating party that it contains:

(a)     Defendant's proprietary, business, financial, or commercially sensitive information regarding Defendant's business operations that it holds as confidential and not available to the public or Defendant's competitors such as confidential contracts, financial statements (including but not limited to, accounting statements, balance sheets, income statements, tax returns, profit and loss statements), etc.

(b)     "PII" (personally identifying information) of non-party individuals, including Social Security Numbers, driver's license numbers, personal banking account numbers, credit card numbers, date of birth, and unlisted telephone numbers.

(c)     Personnel or other records containing highly sensitive and confidential data such as individual tax information, medical or psychiatric information, or benefits selection information.

Whenever practical, such designation shall be done by affixing a stamp or label of "Confidential" on the material so designated in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Any information that cannot be so labeled may be designated as Confidential by informing counsel for the parties in writing that it is Confidential Discovery Material. Such designation shall be done either before or simultaneously with production.

Portions of deposition transcripts may be designated as "Confidential" on the record during the deposition or may be designated by an e-mail or e-mailed letter that identifies the page and line number of the confidential material and is sent as quickly as practical after the transcript is received (even if in rough form) and, in any event, not more than 10 business days after the transcript is received (even if in rough form). After such designation, such portions of the deposition transcripts shall be treated as "Confidential" under this Protective Order. Only those portions of a deposition transcript that a Party believes in good faith to contain information that is Confidential shall be designated as such.

No Party to this proceeding shall be obligated to challenge the propriety of any designation by any other Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action as to the propriety of such designation. Further, notwithstanding anything else in this Order, any Party may, at any time, request the removal of a "Confidential" designation or otherwise challenge the "Confidential" designation of any Document, ESI, or other material. If, the Party claiming the protection of confidentiality wants to maintain the "Confidential" designation following notice that a party objects to such designation, that Party may file a motion with the Court asserting that the subject material is properly designated as confidential and that it is subject to the Protective Order. If the Party seeking the confidential designation fails to file a motion in support of its contested confidentiality designation within 10 business days of the date any Party objected to the "Confidential" designation, the document or information shall not have confidential status. The burden of establishing the entitlement to protection of the material whose designation is being challenged shall rest with the Party that made the designation. The provisions of Federal Rule of Civil Procedure 37(a) (5) apply to such motions.

Until the Court rules on such challenge, all the Parties shall continue to treat the document, information, or other material as "Confidential" in accordance with the provisions of this Order.

An inadvertent failure to designate qualified documents or material as "Confidential" does not, standing alone, waive the designating Party's right to secure protection under this Order for such material. If such material is appropriately designated as "Confidential" after the material was initially produced, the Party receiving such material, upon written notification of the designation, must make reasonable efforts to assure that the material is treated as "Confidential" material in accordance with the provisions of this Order.

2.      Discovery provided pursuant to this Protective Order, if in good faith designated "Confidential" or "Subject to Protective Order," shall not be shown to, furnished to, or otherwise disclosed to anyone other than the Court, Plaintiff, Charging Party Shavonna Bundus, Defendant, counsel of record, persons directly assisting counsel of record, the judge and the judge's staff, and all qualified persons as defined in paragraph 3 of this Order. For purposes of this Protective Order, the phrase "persons directly assisting counsel of record" means other persons employed in the counsel of record's office, reproduction services, and experts or outside consultants retained by counsel of record to assist in the preparation of their case. Certain limited types of "Confidential Information" may be further designated, as defined and detailed in Paragraph 4, as "Attorney's Eyes Only."

3.      The term "qualified persons" as used in this Order shall include only the following: (a) counsel of record for the parties in this action, and all other attorneys, paralegals, and stenographic and clerical employees of the law firm(s) or office of such counsel of record assisting in the prosecution or defense of this action; (b) Charging Party; (c) independent experts, consulting firms or other independent contractors who are not regular employees of a party hereto, but who

4

are assisting counsel of record in the prosecution or defense of this action provided, however, that such expert, consultant, or other independent contractor is using the Confidential Information solely in connection with this action and provided further that such expert, consultant, or other independent contractor signs an undertaking in the form attached as Exhibit A hereto; (d) any party, or an employee, agent, or representative of a party hereto; (e) any deponent who, in the good faith opinion of counsel, must be shown the contents of any documents or other Confidential Information subject to this Order for an effective prosecution or defense of this action; (f) any witness or potential witness in this action who, in the good faith opinion of counsel, must be shown the contents of any documents or other Confidential Information subject to this Order for an effective prosecution or defense of this action; (g) court personnel and reporters assigned to this action; (h) any court reporters actually recording proceedings in this action; (i) the author of the Confidential Information, the addressee(s) or other recipient(s) thereof, or any person employed in a managerial position by the party producing the Confidential Information at the time the Confidential Information was created; (i) the mediator, if any, assigned to mediate this matter and the mediator's staff; (j) any person to whom disclosure is required by federal law; and (k) other persons as agreed to by the party who produced the Confidential Information or as ordered by the Court. "Qualified persons" as defined in this paragraph 3(c), (e), (h), and (k) shall be given a copy of this Order and be informed that they are bound to the terms of this Order with respect to any information and documents disclosed to them.

4.      The "Attorney's Eyes Only" designation shall be reserved for the following: medical or psychiatric documentation.

5.      Information designated "Attorney's Eyes Only" shall be disclosed only to the Court, counsel of record, and persons directly assisting counsel of record; such documents shall not be disclosed to an opposing party.

6.      Documents and discovery designated "Confidential," "Subject to Protective Order" or "Attorney's Eyes Only" pursuant to this Protective Order and the data and information contained therein shall not be used or disclosed for any purpose other than preparation and presentation of the Plaintiff's and Defendant's cases in this action and shall not be used in any lawsuit, claim, or cause of action other than Case No. 2:18-cv-01122.

7.      Any and all copies of discovery that have been designated "Confidential," "Subject to Protective Order," or "Attorney's Eyes Only" in the possession of persons other than the Court, shall be returned to the counsel of record of the producing party or be destroyed upon the completion of Case No. 2:18-cv-01122. Notwithstanding the above, counsel of record shall be entitled to maintain one set of documents and other materials (including those filed with the Court), which may contain or reflect Confidential Material. EEOC shall store and destroy documents marked "Confidential" through compliance with federal record-keeping regulations. Nothing in this Order or Paragraph shall prohibit any party from complying with federal law or require EEOC to violate federal law.

8.      The parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration. The parties agree that either party may apply to the Court for modification of the Order.

9.     Any party or person who violates this Order shall be subject to the contempt powers of this Court, in addition to any civil remedies available to any party or person harmed by the violation.

10.     Nothing in this Protective Order constitutes an admission of any kind by a party that any information or material is actually confidential but only that it will be treated by a party as set forth in this Protective Order when received in discovery from the opposing party.

11.     If a party intends to file with the Court documents provided pursuant to this Protective Order, or the data and information contained therein, and any other document designated with the legend "Confidential" or "Attorney's Eyes Only", or so noted upon a document which reasonably describes the materials so designated, as exhibits to depositions or as trial exhibits or as exhibits to a pleading, motion, memoranda, brief, or other document with the Court:

(a)     The party may file redacted versions of Confidential Discovery Material, including sealed documents and materials, in accordance with normal procedures and made publicly available provided that (i) all Confidential Material and all passages in which Confidential Material is quoted, incorporated, or cited are redacted from such filings; and (ii) redacted versions are clearly marked "Public Version – Confidential Material Omitted" or marked in a substantially similar manner. Redacted versions must also clearly identify each place where information or exhibits have been redacted. A notation to the effect of "redacted" will be sufficient.

(b)     The party also may file a motion with the Court seeking permission to file the particular documents under seal. If the Court, in its jurisdiction, grants said motion, the documents shall be filed under seal and shall be accessible pursuant to the terms of this Protective Order.

12.     This Protective Order shall continue to be binding on the signatories hereto throughout and after the conclusion of this action, including any appeals or retrials. This Court shall retain jurisdiction of the Litigation for the purpose of enabling any party, person, or other entity to apply for any order or relief as may be deemed necessary or appropriate to enforce this Protective Order.

13.     The parties agree to be bound by the terms of this Protective Order pending its entry as an order of the Court, and agree that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

IT IS SO ORDERED.


Date:  April 15, 2019                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE

**STIPULATED AND AGREED TO:**

PEREZ & MORRIS LLC

*/s/ Melanie Peterson (per email auth.)*
Melanie M. Peterson
U.S. Equal Employment Opportunity Commission
801 Market Street Suite 1300
Philadelphia, PA 19107
(T) 267-589-9759
Melanie.peterson@eeoc.gov

/s/ *Sarah C. Perez*
Sarah C. Perez, Trial Counsel (0086844)
Juan Jose Perez          (0030400)
Celia Schnupp          (0085207)
8000 Ravine's Edge Court, Suite 300
Columbus, Ohio 43235
(T) 614-431-1500
(F) 614-431-3885
sperez@perez-morris.com
jperez@perez-morris.com
cschnupp@perez-morris.com
*Attorneys for Defendant DSW Shoe Warehouse, Inc.*

(Exhibit A)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES EQUAL | : | |
| EMPLOYMENT OPPORTUNITY | : | |
| COMMISSION, | : | Case No. 2:18-cv-01122 |
| | : | |
| Plaintiff, | : | Judge Algenon Marbley |
| | : | |
| v. | : | Magistrate Judge Kimberly Jolson |
| | : | |
| DSW SHOE WAREHOUSE, INC., | : | |
| | : | |
| Defendant. | : | |

**AGREEMENT TO RESPECT CONFIDENTIAL MATERIALS**
**AND ATTORNEYS' EYES ONLY INFORMATION**

I, _____ , state that:

    1. My address is _____ .

    2. My present employer is _____ .

    3. My present occupation or job description is _____

_____ .

        4.     I received a copy of the Stipulated Protective Order entered in the above-entitled

action on_____ .

        5.     I have carefully read and understand the provisions of the Stipulated Protective

Order.

        6.     I will comply with all of the provisions of the Stipulated Protective Order.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Confidential Materials or Attorneys' Eyes Only Information that is disclosed to me.

8.      I will return all Confidential Materials and Attorneys' Eyes Only Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Materials or Attorneys' Eyes Only Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.


Dated:_____

_____
Signature


_____
Printed name, and if applicable, title